10-4224-cv
*Attard v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand and eleven.

PRESENT:

JOSÉ A. CABRANES,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
     *Circuit Judges.*

_____

Rebecca Attard,

     *Plaintiff-Appellant,*

     v.                    No. 10-4224-cv

City of New York, Board of Education
of the City of New York,

     *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:** GREGORY ANTOLLINO (Michael B. Zand, *on the brief*), New York, NY.

**FOR DEFENDANTS-APPELLEES:** ELIZABETH S. NATRELLA (Pamela Seider Dolgow, *of counsel, for* Michael A. Cardozo, Corporation Counsel of the City of New York), New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Rebecca Attard ("Attard") appeals from the September 30, 2010 order of the District Court granting summary judgment to defendant-appellee New York City Department of Education (the "Department")[1] and dismissing her employment discrimination claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)(a). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

*Disparate Treatment Claim*

We examine discrimination claims brought pursuant to the ADEA under the familiar burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105-06 (2d Cir. 2010). Under the *McDonnell-Douglas* framework, the plaintiff bears the initial burden to establish a prima facie case of age discrimination by showing "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination." *Id.* at 107; *see also* 29 U.S.C. § 631(a) (limiting the application of the ADEA

---

[1] The District Court noted that Attard "agreed that her former employer is properly referred to as the New York City Department of Education, not the Board of Education of the City of New York."

2

to individuals who are at least 40 years old). If the plaintiff succeeds in making out a prima facie case, the burden shifts to the employer to articulate a "legitimate, nondiscriminatory reason" for the employment action. *McDonnell Douglas*, 411 U.S. at 802. Upon the employer's proffer of such a reason, the presumption of discrimination "drops from the picture" and the plaintiff must come forward with evidence that the proffered reason is a mere pretext for discrimination. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). In order to satisfy her burden at the final stage, the plaintiff must prove, by a preponderance of the evidence, that age discrimination was the "but-for" cause of the challenged adverse action. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009).

On appeal, Attard argues that the District Court erred in granting summary judgment in favor of the Department on her disparate treatment claim by "skip[ping] over the prima facie case" and according undue weight to the adverse arbitration decision that resulted in her dismissal. Both of these arguments are without merit.

With respect to the prima facie case, the District Court held that "[b]ecause the Department of Education claims that it lawfully terminated Attard for insubordination and incompetence, I need not decide whether she has made a prima facie case and instead may proceed directly to the ultimate inquiry." In effect, the District Court assumed *arguendo* that Attard had succeeded in making out a prima facie case of discrimination, an approach we have implicitly endorsed. *See, e.g.*, *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 188 (2d Cir. 2006). To do so here was not error.

With respect to the effect of an arbitration decision in an employment discrimination action, it is well established that an "arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 (1974). Where a decision by an independent arbitrator "follows an evidentiary hearing and is based on substantial evidence," the plaintiff "must present strong evidence that the decision was wrong as a matter of fact—*e.g.* new evidence not before the tribunal—or that the impartiality of the proceeding was somehow compromised" in order to survive a motion for summary judgment. *Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 119 (2d Cir. 2002). We decline Attard's invitation to revisit the law of the Circuit on this subject.

Contrary to Attard's assertion, the District Court did not "beg[in] and end[]" its analysis with the adverse arbitration decision. Rather, the District Court surveyed the evidence of discriminatory motive, including the critical comments of her supervisor and the statistical data that Attard cited to bolster her age discrimination claim. Although the District Court did not couch its analysis in the language of "pretext," it is clear that the District Court considered the evidence of a "discriminatory state of mind," Special App'x 11, without which there could be no finding of pretext under the final *McDonnell-Douglas* prong. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("[A] reason cannot

3

be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." (emphasis omitted)). Substantially for the reasons stated by the District Court, we agree that Attard has failed to adduce sufficient evidence to support the conclusion that age discrimination was the "but-for" cause of the Department's decision to terminate her employment.

*Disparate Impact Claim*

In order to establish a prima facie case of disparate impact, a plaintiff must show "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 575 (2d Cir. 2003) (emphasis omitted) (quoting *Reg'l Econ. Cmty. Action Program v. City of Middletown*, 294 F.3d 35, 52-53 (2d Cir. 2002)).

In this case, even if Attard preserved her disparate impact claim in the EEOC complaint, she failed to identify a facially neutral practice. The "preference" of disciplinary charges "against older teachers" is not a neutral practice, but rather intentional discrimination. *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 572-73 (2d Cir. 2000) (plaintiff failed to establish a "facially neutral" policy where she complained that "because . . . only Hispanic employees have been terminated under the no-assault rule, the rule ha[d] a disparate impact on minority employees" (internal quotation marks omitted)). Because Attard failed to identify a facially neutral practice, she cannot establish a prima facie case of disparate impact. Accordingly, we conclude that the District Court did not err in dismissing Attard's disparate impact claim.

Upon a review of the record and the arguments of counsel, we reject Attard's remaining arguments as lacking in merit.

## **CONCLUSION**

We reject all of Attard's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4